# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

vs.

                **Case No: 23-03087-01-CR-S-BCW**

**BRANDON DEAVERS,**

   Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through R. Matthew Smith, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on September 9, 2025. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Brandon Deavers, to 120-months' imprisonment, followed by a life-term of supervised release.

## I. FACTUAL BACKGROUND

On September 8, 2021, Alpha House Executive Director (ED) Sue Marshall requested the assistance of the Federal Bureau of Investigation with regard to a resident of Alpha House, identified as the defendant, Brandon Deavers, and his involvement in possessing suspected images of child pornography. According to ED Marshall, on September 4, 2021, Alpha House Watch Officer (WO) Raya Doran, discovered the defendant sitting in a common area of the facility. The defendant appeared to be using a cellular telephone.

WO Doran was aware that the defendant was prohibited from possessing an internet capable cellular telephone because he was a sex offender. WO Doran confronted the defendant and verified that he was using an internet capable cellular telephone. WO Doran seized the device. While speaking with Doran, the defendant confessed that "cartoon" images of child pornography would be located on the device. The defendant also admitted to paying an unidentified co-worker to purchase a new cellular telephone for his use. WO Doran turned the device over to ED Marshall for storage.

After receiving the phone from WO Doran, ED Marshall viewed some of the contents on the device. She observed a cartoon image of a naked adult male, with his penis exposed to a child on the phone. The image included the caption, "I thought Mom would never leave." ED Marshall referred the matter to the Federal Bureau of Prisons (BOP), as the defendant was in their custody, but housed at Alpha House at the time of the incident. BOP requested the matter be referred to the FBI for investigation.

This device was later forensically examined by Southwest Missouri Cyber Crime Task Force Officer Larry Roller pursuant to a federal search warrant. During his examination, TFO Roller discovered anime images and/or cartoon images of suspected child pornography. The abuse depicted children being sexually abused, including bondage, and the penetration of the children's vagina by adult males, as well as other adult characters. Some of these files depict children in obvious signs of distress.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to a violation of 18 U.S.C. § 1466A(b), that is, possession of an obscene

representation of the sexual abuse of children.  Given the nature of the crime, compounded by the defendant's criminal history, the Government respectfully recommends that this Court impose a sentence of 120-months' imprisonment, the statutory minimum sentence pursuant to the terms of his written plea agreement.

### A.     Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing.  *Gall v. United States,* 552 U.S. 38, 49-50 (2007).  The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a).  *Id*. at 49-50.

The Presentence Investigation Report, filed on July 10, 2025, concludes that the defendant's advisory guideline range of imprisonment is 120-months' imprisonment, based on a total offense level of 23, and a criminal history category II.  Further, the defendant is subject to a period of supervised release of not less than five years.  There are no objections to the presentence report.

### B.     Statutory Sentencing Factors

### 1.  Nature and Circumstances of the Offense

As noted above in detail, the defendant, serving the final months of a term of imprisonment related to a conviction for receipt and distribution of child pornography, was found in possession of obscene representations of children being sexually abused.

3

**2. History and Characteristics of the Defendant**

The defendant now appears before the Court having been convicted of a second sex offense since 2017. Incredibly, the defendant committed the offense while still serving a term of imprisonment for the first conviction.

**3. Need to Promote Respect for the Law**

Both the instant offense and the defendant's apparently compulsive and uncontrolled appetite for depictions of children being subjected to sexual abuse conclusively establish that the defendant respects neither the law. A lengthy sentence is necessary to provide the defendant with a healthy respect for the law along with the tools to avoid re-offense.

**4. Need to Afford Adequate Deterrence to Criminal Conduct**

A sentence of 120-months' imprisonment, in most circumstances, will prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant from committing future illegal acts.

**5. Need to Protect the Public from Further Crimes of the Defendant**

The defendant has yet again been convicted of a serious offense, involving the sexual abuse of children. The defendant's proclivity to commit this sort of crime indicate that the defendant poses a grave threat to the community.

4

**6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment**

Clearly, treatment is profoundly important for the defendant to become a productive member of society and mitigate his future dangerousness.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense.

WHEREFORE, for all the foregoing reasons, the United States respectfully suggests that the Court impose a 120-month term of imprisonment, followed by five-years supervised release.

Respectfully submitted,

R. Matthew Price
United States Attorney

*/s/ James J. Kelleher*_____
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

5

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

/s/ James J. Kelleher
JAMES J. KELLEHER